

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2003 JUN 11 P 4: 06
LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGIL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-0231** |
| **DET. DANNY FONTE #7715, ET AL.** | **SECTION "N" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Virgil Smith, is a state prisoner currently incarcerated at the St. Tammany Parish

Jail, Covington, Louisiana.   Plaintiff filed this lawsuit, pursuant to 42 U.S.C. § 1983, against

Detective Danny Fonte, Assistant District Attorney Scott Gardner,[1] public defender James Burke,

and Detective Chris Bell.[2]  Plaintiff was subsequently allowed to amend his complaint to include

Assistant District Attorney Jack Hoffstadt[3] as a defendant.[4]  Plaintiff's claims are based on allegedly

illegal actions taken by defendants in connection with plaintiff's state criminal prosecutions.

-----

[1] Scott Gardner was originally incorrectly identified as "Scott Garner."

[2] Rec. Doc. 1.

[3] Jack Hoffstadt was originally incorrectly identified as "Jack Hifotadt."

[4] Rec. Doc. 4.

JUN 12 2003

DATE OF ENTRY

| | |
|---|---|
| DATE OF ENTRY | |
| **JUN 1 2 2003** | |

Fee_____
Process_____
X  Dktd_____
____ CtRmDep._____
____ Doc. No._____

On June 10, 2003, the Court held a <u>Spears</u> hearing[5] to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  At that hearing, plaintiff, while under oath, identified his claims against the defendants as follows.

As to Detectives Danny Fonte and Chris Bell, plaintiff testified that he was falsely arrested by Fonte and Bell for possession of cocaine and that they committed perjury during plaintiff's trial in state court on that charge.[6]  Based in part on that allegedly perjured testimony, plaintiff was convicted on the charge on or about July 16, 2002.

---

[5] <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has noted that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  The Fifth Circuit noted:

> The <u>Spears</u> hearing grew out of the belief that allowing a district or magistrate judge to question the prisoner regarding the nature of his or her complaint, in a controlled setting, would be more effective than the widely-used tool of sending questionnaires to prisoners for explication of their allegations.  Like the questionnaires, we reasoned, a hearing would bring into focus the factual and legal bases of the prisoners' claims.  In authorizing the hearing in lieu of such questionnaires, we emphasized that the questionnaires do not constitute an independent pleading.  Similarly amplifying the allegations in the prisoner's complaint, the <u>Spears</u> testimony likewise becomes a part of the total filing by the *pro se* applicant.

<u>Id</u>. (footnotes and quotation marks omitted).

[6] Plaintiff's complaint references false arrest claims; however, at the <u>Spears</u> hearing, his testimony was unclear as to whether he meant to pursue those claims in addition to the perjury claims against Fonte and Bell.  Out of an abundance of caution, the Court assumes that plaintiff intends to assert both false arrest and perjury claims.

As to Assistant District Attorneys Scott Gardner and Jack Hoffstadt, plaintiff testified that he is bringing claims against those defendants for malicious prosecution. Plaintiff testified that he was maliciously prosecuted by Gardner on the charge of possession of cocaine. Plaintiff claims that in another matter Hoffstadt improperly charged plaintiff with public intimidation, a charge on which he was subsequently convicted. Plaintiff also argues that both Gardner and Hoffstadt should be criminally prosecuted for possession of cocaine in connection with their activities during plaintiff's trial on the cocaine charge.

As to public defender James Burke, plaintiff testified that Burke provided ineffective assistance of counsel during plaintiff's state criminal proceedings.

Plaintiff filed this complaint *in forma pauperis*.[7] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

---

[7] Rec. Doc. 2.

3

Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27

F.3d 174, 176 (5th Cir. 1994); <u>Booker</u>, 2 F.3d at 115 & n.6.  Construing plaintiff's complaint

broadly,[8] and fully considering plaintiff's testimony during the <u>Spears</u> hearing, the Court finds that

plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous, for failure

to state a claim on which relief may be granted, and/or for seeking monetary relief against defendants

who are immune from such relief.

<u>Detectives Danny Fonte and Chris Bell</u>

Plaintiff claims that Detectives Fonte and Bell falsely arrested him for possession of cocaine,

a charge on which he was subsequently convicted. Those claims are currently barred by <u>Heck v.

Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In <u>Heck</u>, the United States

Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.
> § 2254.  A claim for damages bearing that relationship to a conviction or sentence
> that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily imply the invalidity of his
> conviction or sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[8] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30
F.3d 616, 620 (5th Cir. 1994).

Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372 (emphasis in original) (footnote omitted).  The Supreme

Court observed that "a § 1983 cause of action for damages attributable to an unconstitutional

conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id.

"A § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or

sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."

Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

      The Heck prohibition applies to claims of false arrest.  Wells v. Bonner, 45 F.3d 90, 95 (5th

Cir. 1995); see also Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997), aff'd,

158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-

3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J.,

on Apr. 9, 1998).  Therefore, as to plaintiff's claims for false arrest, dismissal with prejudice until

the Heck conditions are met is the proper disposition.[9]

      As to the claims that Fonte and Bell committed perjury at plaintiff's state criminal trial for

possession of cocaine, the defendants are protected by absolute immunity.[10]  "[W]itnesses are entitled

to absolute immunity against § 1983 suits based on their testimony in a criminal trial ...."  Mowbray

v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001), cert. denied, 535 U.S. 1055, 122 S.Ct.

---

[9] This dismissal does not preclude plaintiff from raising § 1983 claims in a later lawsuit if he subsequently receives a favorable termination of the criminal charges.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

[10] The Court notes that the perjury claims also implicate Heck considerations.  However, the United States Fifth Circuit Court of Appeals has held that a court should, as a threshold matter, consider the absolute immunity doctrine prior to applying Heck.  Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).

1912, 152 L.Ed.2d 822 (2002). Similarly, "absolute witness immunity bars § 1983 suits for conspiracy to commit perjury." Id. at 277-78. Therefore, plaintiff's perjury claims against Fonte and Bell should be dismissed as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief against defendants who are immune from such relief.

Scott Gardner and Jack Hoffstadt

Absolute immunity protects Assistant District Attorneys Scott Gardner and Jack Hoffstadt from plaintiff's malicious prosecution claims. "Criminal prosecutors ... enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Id. A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993) (quotation marks omitted). Further, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation marks, citation, and footnote omitted). Absolute immunity "applies even if the prosecutor is accused of knowingly using perjured testimony." Boyd, 31 F.3d at 285. Therefore, plaintiff's malicious prosecution claims against Gardner and Hoffstadt should be dismissed as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief against defendants who are immune from such relief.

6

Plaintiff additionally testified that he wanted Gardner and Hoffstadt prosecuted for possession of cocaine for their activities during plaintiff's trial. Even if the Court were to assume that there was some basis for the allegation that Gardner and Hoffstadt illegally possessed cocaine, plaintiff has no constitutional right to have them criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

### James Burke

Plaintiff's claim against public defender James Burke for ineffective assistance of counsel is not cognizable in a lawsuit brought pursuant to 42 U.S.C. § 1983. Section 1983 claims may be brought only against persons acting under color of state law.[11] See, e.g., Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law.") "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70

---

[11] Section 1983 of the United States Code, Title 42, provides that:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

L.Ed.2d 509 (1981).[12]  Therefore, plaintiff's ineffective assistance of counsel claim against Burke

should be dismissed as frivolous and for failure to state a claim on which relief may be granted.

Motions to Dismiss

All defendants have filed motions to dismiss.[13]  In light of the foregoing, those motions are

rendered moot and should be denied on that basis.

*Habeas Corpus* Relief

Out of an abundance of caution, the Court notes that to the extent that plaintiff may be

seeking to challenge the constitutionality of his underlying convictions or to gain release from

imprisonment, he must pursue *habeas corpus* relief, not a civil rights action brought pursuant to 42

U.S.C. § 1983.  "'[W]hen a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

---

[12] The Court notes that the same would be true if Burke were a court-appointed private attorney or a retained attorney.  See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); Ellison v. De La Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a § 1983 suit must fail "for want of any action under color of state law"); *cf.* Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim not cognizable in § 1983 lawsuit because retained counsel is not a state actor).

The Court recognizes that a defense attorney can be liable under § 1983 for engaging in a conspiracy with state actors.  See Mills, 837 F.2d at 679.  Although plaintiff indicated in his testimony that Burke unduly cooperated with the prosecution, plaintiff did not allege the existence of a conspiracy.  However, even if the Court were to construe plaintiff's testimony to have alleged the existence of a conspiracy, the allegations were conclusory at best.  Conclusory allegations of conspiracy fail to state a § 1983 cause of action.  Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).  Moreover, in any event, any such conspiracy claims would be barred by Heck until plaintiff receives a favorable termination of his criminal proceedings.

[13] Rec. Docs. 6 (Gardner and Hoffstadt), 11 (Fonte and Bell), and 13 (Burke).

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"

Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quoting Preiser v. Rodriguez, 411 U.S. 475,

500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973)).  Accordingly, to the extent that plaintiff desires

to assert *habeas corpus* claims, he should assert them in a *habeas corpus* proceeding after exhausting

his remedies in state court.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 false arrest claims against

Danny Fonte and Chris Bell be **DISMISSED WITH PREJUDICE** until the Heck conditions are

met.

It is **FURTHER RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 perjury claims against

Danny Fonte and Chris Bell be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state

a claim on which relief may be granted, and for seeking monetary relief against defendants who are

immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 malicious prosecution

claims against Scott Gardner and Jack Hoffstadt be **DISMISSED WITH PREJUDICE** as frivolous,

for failure to state a claim on which relief may be granted, and for seeking monetary relief against

defendants who are immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 ineffective assistance

of counsel claim against James Burke be **DISMISSED WITH PREJUDICE** as frivolous and for

failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that defendants' motions to dismiss be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___11___ day of ___June___, 2003.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE